## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>　　　Plaintiff,<br><br>v.<br><br>TADI BROTHERS, LLC d/b/a TADIBROTHERS,<br><br>　　　Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges for its Complaint for Patent Infringement against the above-named Defendant, on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.　　Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2.　　On information and belief, Defendant Tadi Brothers, LLC d/b/a TadiBrothers ("Defendant" or "TadiBrothers") is a limited liability company organized under the laws of California, with its principal place of business located at 2376 Westwood Blvd., Los Angeles, CA 90064.

JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent

Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

4.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon

this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent

jurisdiction).

5.      This Court has personal jurisdiction over Defendant because Defendant is subject

to at least specific jurisdiction in the State of Delaware.  Defendant has established minimum

contacts with this forum.  Defendant regularly conducts business in Delaware, including by

offering to sell and/or selling products, such as rearview system products including infringing

rearview system products, in Delaware.  Defendant also operates an interactive website

(www.tadibrothers.com) designed and intended to reach Delaware customers.  Through its

website, Defendant promotes, markets, and advertises rearview systems, including infringing

rearview systems, to Delaware customers; solicits inquiries from Delaware customers regarding

such systems; and offers to sell and sells such systems to Delaware customers.  Delaware is a

specific shipping option on Defendant's website.  Defendant's website additionally recites a

returns policy for Defendant's rearview systems, including infringing rearview systems,

purchased in Delaware by Delaware customers, and includes instructions for Delaware

customers on how to return defective products to Defendant.  Defendant also offers and sells

rearview systems, including infringing rearview systems, to Delaware customers through several

online retailers, many of which are incorporated in Delaware with at least one having multiple

physical facilities in Delaware, that offer and sell infringing rearview systems to Delaware

customers.  Defendant's actions constitute patent infringement in this District in violation of 35

U.S.C. § 271, and Defendant has placed infringing products into the stream of commerce, with the knowledge and understanding that such products are imported, made, used, sold and/or offered for sale in this District.   The acts by Defendant have caused injury to Blackbird Technologies within this District.

6.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) and because Defendant transacts business within this District and has sold and/or offered for sale in this District products that infringe U.S. Patent No. 7,106,183.

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,106,183</u>

7.       Blackbird Technologies reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8.       On September 12, 2006, U.S. Patent No. 7,106,183 (the "'183 Patent") entitled, "Rearview Camera and Sensor System for Vehicles," a true and correct copy of which is attached hereto as Exhibit 1, was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO").   Blackbird Technologies is the owner by assignment of all right, title, and interest to the '183 Patent, including all right to recover for any and all infringement thereof.

9.       The '183 Patent is valid and enforceable.

10.       Defendant has directly infringed literally and/or under the doctrine of equivalents one or more of the claims of the '183 Patent, including at least claim 13, by making, using, importing, selling and/or offering to sell, in this judicial district and/or elsewhere in the United States, at least the TB-B1, TB-B2, and TB-B4 rearview systems.   (*See* Exs. 2-7).   For example, according to Defendant, with respect to the TB-B1 rearview system, "[y]ou get 2 sensors surrounding a middle camera," and "[t]he sensor and camera bar is made of a high quality material."   (*See* Ex. 2).   The TB-B1 rearview system includes "1. Dash mounted Color Monitor

Display Unit / 2. Backup Camera and Sensor Bar / 3. Hidden Control Box," among other items. (*Id.*).  The specification for the TB-B1 states: "Display Screen: Shown distance in numbers and light flicker" and "Notifications: Audible beeping and visual numbers."  (*See* Ex. 5). Defendant's infringing activities violate 35 U.S.C. § 271(a).

11.     Upon information and belief, the owner(s) of the '183 Patent have complied with 35 U.S.C. § 287(a) at all relevant times.

12.     Blackbird Technologies is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the '183 Patent.

13.     Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '183 Patent.

14.     As a consequence of Defendant's infringement of the '183 Patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

15.     Upon information and belief, Defendant will continue to infringe the '183 Patent unless enjoined by this Court.

16.     As a consequence of continued infringement of the '183 Patent by Defendant complained of herein, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement. Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendant to pay damages for past infringement of the '183 Patent and royalties for its infringement of the '183 Patent on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A.      Adjudging that the '183 Patent is valid and enforceable;

B.      Adjudging that Defendant has infringed one or more claims of the '183 Patent, including at least claim 13, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

C.      An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for its past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and those persons in active consort with them from future acts of patent infringement of the '183 Patent;

E.      In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '183 Patent on a going-forward basis;

F.      This case be judged exceptional under 35 U.S.C. § 285, and costs and attorney's fees be awarded to Blackbird Technologies;

G.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

H.      Blackbird Technologies be granted such further relief as this Court deems just and

proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated:  May 5, 2016

OF COUNSEL

Christopher Freeman
cfreeman@blackbird-tech.com
Wendy Verlander
wverlander@blackbird-tech.com
David Gerasimow
dgerasimow@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
617.307.7100

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Blackbird Tech LLC*
*d/b/a Blackbird Technologies*